UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED NAGIB HAMADA ABOUSHABAN,<br><br>    Plaintiff(s),<br><br>v.<br><br>ROBERT S. MUELLER, et al.,<br><br>    Defendant(s). | No. C 06-1280 BZ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR SUMMARY JUDGMENT** |

Plaintiff seeks a writ of mandamus directing the United States Citizenship and Immigration Services (USCIS) and the Federal Bureau of Investigation (FBI) to adjudicate a pending I-485 change of status application. The parties have filed cross-motions for summary judgment. For the reasons set forth below, both motions are **GRANTED** in part and **DENIED** in part.

Plaintiff Mohammed Nagib Hamada Aboushaban was granted political asylum in the United States on January 22, 1997. On June 17, 1998, the plaintiff filed an I-485 form application to adjust his legal status to that of a lawful permanent resident. The USCIS conducted an I-485 interview of the

1

1  plaintiff on May 1, 2000.  The FBI completed its required name
2  check of the plaintiff on April 20, 2006.[1]  The results of the
3  name check were forwarded to the USCIS for evaluation.
4      The USCIS interviewed the plaintiff again on September
5  18, 2006.  The USCIS avers it informed the plaintiff that it
6  would adjudicate his I-485 application as soon as he provided
7  proof of required vaccinations.[2]  See 8 U.S.C. § 1182(a)(1)(A)
8  (requiring proof of vaccinations for change of status
9  eligibility).  Plaintiff concedes that he must return proof of
10 vaccinations to the USCIS by December 18, 2006.  See Pl.'s
11 Reply, Ex. 1.
12     In the meantime, plaintiff filed a complaint for mandamus
13 on February 22, 2006.  In the Complaint, plaintiff asserts
14 jurisdiction under 28 U.S.C. § 1361 (the Mandamus Act), 5
15 U.S.C. § 551, (the Administrative Procedures Act, "APA"), and
16 28 U.S.C. § 1331.  Plaintiff seeks an order directing the
17 USCIS and the FBI to adjudicate his I-485 application.  The
18 plaintiff's I-485 application remains pending with the USCIS.
19     A writ of mandamus is an extraordinary remedy.  Allied
20 Chemical v. Daiflon, Inc., 449 U.S. 33 (1980).  A writ of
21 mandamus is appropriate only where: 1) the plaintiff's claim
22 is clear and certain; 2) the defendant official's duty to act
23 is non-discretionary, ministerial, and so plainly prescribed

---

[1] Neither party makes clear when the USCIS forwarded the plaintiff's change of status application to the FBI.

[2] During the change of status process, each applicant must fill out an I-693 form documenting a medical examination of the applicant. See Liu Decl. 2:3-8.  The form plaintiff has yet to return is a supplement to the I-693, providing proof of required vaccinations.

2

1  as to be free from doubt; and 3) no other adequate remedy is
2  available.  <u>Barron v. Reich</u>, 13 F.3d 1370, 1374 (9th. Cir.
3  1994).  The question presented here is whether the plaintiff
4  has a clear right to have his change of status petition
5  processed, and whether the delays at issue here are
6  unreasonable.
7     As an asylee, plaintiff filed his I-485 application
8  pursuant to 8 U.S.C. § 1159 and 8 C.F.R. § 209.2.  These
9  statutes provide no time period in which the government must
10 complete the adjudication of the application.  Thus, the
11 government argues that the timing of processing is a
12 discretionary act.
13    First, respondents have a clear duty to adjudicate the
14 plaintiff's change of status application.  Section 209.2 of
15 the Code of Federal Regulations provides:

> The applicant shall be notified of the
> decision, and if the application is
> denied, of the reasons for denial.
> [....]  If the application is approved,
> the director shall record the alien's
> admission for lawful permanent residence
> as of the date one year before the date
> of the approval of the application....

21 I read the statutory text as creating a non-discretionary duty
22 to adjudicate the plaintiff's application.  <u>See</u> <u>Yu v. Brown</u>,
23 36 F. Supp. 2d 922, 931-32 (D.N.M. 1999) (holding under
24 similar regulatory language that the INS owed plaintiff a duty
25 to process her application for a change of status to permanent
26 resident); <u>Dabone v. Thornburgh</u>, 734 F. Supp. 195, 200 (E.D.
27 Pa. 1990) (holding under similar regulatory language that the
28 Board of Immigration Appeals owed plaintiff a duty to

3

adjudicate his motion to reopen an exclusion proceeding) ; see also American Academy of Religion v. Chertoff, 2006 WL 1751254, *16 (S.D.N.Y. 2006) (holding that the regulation stating that consular officials either "issue or refuse" a completed visa creates a duty to adjudicate).

Second, the government has a duty to adjudicate plaintiff's application within a reasonable time. Section 6 of the APA requires that,"[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b). Although the immigration statutes at issue here provide no timeliness requirement, I am persuaded by those courts who have read the APA to impose such a requirement. Yu, 36 F. Supp. 2d at 928-931 (applying the APA's reasonable requirement to similar regulatory provisions); Kim v. Ashcroft, 340 F. Supp 2d 384, 391-92 (S.D.N.Y. 2004)(same).

Plaintiff's application has been pending for nearly a decade.  The last demonstrable action taken by the government prior to the filing of this complaint was the 2000 interview. It was only after the filing of this complaint, in February 2006, that the government moved on plaintiff's application. The delay plaintiff has experienced is unreasonable. See Galvez v. Howerton, 503 F. Supp. 35, 39 (C.D. Cal. 1980) (holding a six-month delay unreasonable); Paunescu v. INS, 76 F. Supp. 2d 896, 901-02 (N.D. Ill. 1999) (holding a ten-month delay unreasonable); Yu, 36 F. Supp. 2d at 932 (holding a two-and-a-half year delay unreasonable).

4

The USCIS's assurance that it will finish the plaintiff's application as soon as the vaccination form is submitted does not render the delays experienced any less unreasonable.  Nor does it create a disputed issue of fact as to the USCIS's duty to process the plaintiff's application in a reasonable time.  On the record before me, the plaintiff is entitled to a writ directing the USCIS to adjudicate his application forthwith.  See Fed. R. Civ. P. 56.

The FBI has, however belatedly, finished its role in the processing of plaintiff's application.  Both parties agree that the FBI has completed its name check of plaintiff.  See Pl.'s Mot., 3:13-14 ; Def.'s Opp'n 2:7-9.  I cannot order the FBI to do anything more.  Thus, the claim as to the FBI is moot.  Lavelle v. U.S. Dept. of Homeland Security, 2004 WL 1975935, at *2 (N.D. Cal. 2004) (holding that federal court has no jurisdiction to hear a case where there is no live case or controversy); Foster v. Carson, 347 F.3d 742, 745 (9th. Cir. 2003) (holding that where there is no possibility the party can obtain the relief they seek, the claim is moot and must be dismissed).  The FBI is entitled to summary judgment.

Plaintiff argues that a duty remains because the FBI owes the him an alien registration card.[3]  This argument, however,

---

[3] Every alien registered and fingerprinted under the provisions of the Alien Registration Act shall be issued a certificate of alien registration or an alien registration receipt card.  8 U.S.C. § 1304(d).  The purpose of the card is to identify the bearer as a lawfully registered alien residing in the United States, and govern the alien's activities within the country.  U.S. v. Campos-Serrano, 404 U.S. 293, 299-300 (1985); U.S. v. Ritter, 752 F.2d 435, 438 (9th Cir. 1985).  It appears, however, that one's right to proof of status does not ripen until permanent resident status is granted.  See, e.g.,

5

1 was raised for the first time in his Reply.  Lujan v. Nat'l
2 Wildlife Federation, 497 U.S. 871, 894-95 (1990) (holding it
3 improper for moving party to introduce new facts or different
4 legal arguments in a Reply) (citing Schwarzer, et al., Federal
5 Civil Procedure Before Trial § 12:107 (Rutter 2004)); but see
6 Glenn K. Jackson, Inc. v. Roe, 273 F.3d 1192, 1201 (9th. Cir.
7 2001), (holding that a district court has discretion to
8 consider issues raised in a Reply brief).  Indeed, inasmuch as
9 the plaintiff did not request this relief in his complaint,
10 the issue is not properly before me and I will not address it.

11      For the reasons stated above, plaintiff's motion for
12 summary judgment is **GRANTED** as to the USCIS but **DENIED** as to
13 the FBI. The government's cross motion for summary judgment is
14 **GRANTED** as to the FBI but **DENIED** as the USCIS.  The USCIS is
15 ordered to complete its adjudication of plaintiff's I-485
16 application forthwith.  After the USCIS completes its
17 adjudication, it shall promptly inform this Court and the
18 plaintiff of its decision.  This Court will retain
19 jurisdiction over the matter to ensure that its orders are
20 carried out.

21 Dated: October 24, 2006

23                              _____
                                    Bernard Zimmerman
                               United States Magistrate Judge

25 G:\BZALL\-BZCASES\ABOUSHABAN\ORDER.GRANT.DENY.MAND.wpd

---

27 Santillan v. Gonzales, 388 F. Supp. 2d 1065, 1083-84 (N.D. Cal.
   2005).  Thus, plaintiff may not even be eligible for the card
28 until his status change is granted.

6